IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMOS TATE, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 19-179 Erie |
| v. | ) | |
| | ) | |
| MAYOR SCHEMBER, *et al.*, | ) | District Judge Susan Paradise Baxter |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

### I. Background

Plaintiff Amos Tate commenced this proceeding by filing a motion to proceed *in forma pauperis*, ECF No. 1, and lodging a complaint against "Mayor Schember," the "Erie Police Traffic Division Captain," "Erie PA Solicitor Betza," and the "Owners of McMillan Towing." ECF No. 1-1. In his complaint, Plaintiff alleges that his due process rights were violated when his vehicle was towed on May 20, 2019, due to the fact that it was parked on a city street that was scheduled for repaving. ECF No. 1-1 at 7-8. Plaintiff claims that, prior to the towing, he made attempts to relocate his car, which was apparently inoperable,[1] but he was unsuccessful. *Id*. When he saw his vehicle being ticketed, he pleaded with the police officer to "give [him] a couple hours" to have it moved, but a tow truck then arrived on the scene and the operator removed his vehicle despite his protests. *Id*.

Plaintiff claims that, the day after his vehicle was towed, he "[served] the Clerks Office & City Solicitor Edward Betza with legal jurisprudent [sic] on deprivation of property." ECF

---

[1] Attached to the complaint is a "Towed Vehicle Receipt" indicating that Plaintiff's automobile had flat tires and body damage, lacked a valid inspection sticker, and was considered abandoned. ECF No. 1-2.

1

No. 1-1 at 8. Nevertheless, Solicitor Betza "payed [Plaintiff] no attention" for "twenty-nine days," despite daily calls to Betza's public and private offices. *Id.*

Based on these events, Plaintiff purports to assert four claims: (1) depriving me of my car"; (2) "mental distress $25,000"; (3) "monetary damages $150,000"; and (4) "car return or the book value $7,500." ECF No. 1-1 at 5. On June 25, 2019, Plaintiff filed a "Motion for Temporary Injunction," ECF No. 3, which the Court construes as a motion for a temporary restraining order pursuant to Federal Rule of Civil Procedure 65.

On July 26, 2019, the "City Defendants"[2] filed a motion to dismiss the complaint for failure to state a cognizable claim. ECF No. 8. Contemporaneously therewith, these same Defendants filed a brief in opposition to Plaintiff's request for injunctive relief. ECF No. 7. Plaintiff filed a document styled as an "objection" to Defendants' motion on July 25, 2018. ECF No. 12. In his objections, Plaintiff makes clear that he is asserting a violation of his Fourteenth Amendment due process rights based on the deprivation of his automobile.

## II. Motion for Leave to Proceed In Forma Pauperis

The United States Court of Appeals for the Third Circuit has instructed the district courts to utilize a two-step analysis to determine whether to direct service of a complaint where the plaintiff seeks to proceed *in forma pauperis*. *See Roman v. Jeffes*, 904 F.2d 192, 194 n. 1 (3d Cir. 1990). "First, the district court evaluates a litigant's financial status and determines whether (s)he is eligible to proceed in forma pauperis under § 1915(a). Second, the court assesses the

---

[2] The Court will refer to Mayor Schember, "Erie Police Traffic Division Captain," and "Erie PA Solicitor Betza" collectively as the "City Defendants." Although the complaint has not yet been formally served, Attorney Elizabeth Farina Collura entered an appearance on behalf of the City Defendants on July 12, 2019. ECF No. 6.

complaint under [§ 1915(e)(2)1] to determine whether it is frivolous." *Id*. (citing *Sinwell v. Shapp*, 536 F.2d 15 (3d Cir. 1976)); *Schneller v. Abel Home Care, Inc.*, 389 F. App'x 90, 92 (3d Cir. 2010). The Court finds that Plaintiff is without sufficient funds to pay the required filing fee. Therefore, he will be granted leave to proceed *in forma pauperis*.

### III. Standard of Review

Defendants' motion to dismiss is brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as they assert that the complaint fails to state a claim upon which relief can be granted. "When considering a Rule 12(b)(6) motion, we accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Wayne Land & Mineral Grp. LLC v. Delaware River Basin Comm'n*, 894 F.3d 509, 526–27 (3d Cir. 2018) (internal quotation marks and citations omitted). In order to survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556).

Because Plaintiff is proceeding *in forma pauperis*, the Court is also independently obligated under 28 U.S.C. § 1915(e) to consider the sufficiency of his complaint and to dismiss the case "at any time" if the action: (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). When conducting a review under 28 U.S.C.

§1915(e)(2)(B)(ii), the court applies the same standard of review as it would apply under a traditional Rule 12(b)(6) analysis. *See Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012). Before dismissing a complaint for failure to state a claim upon which relief may be granted, a court must grant the plaintiff leave to amend his complaint, unless the amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

Because Plaintiff is proceeding pro se, the Court "has an obligation to construe the complaint liberally," *Giles v. Kearney*, 571 F.3d 318, 322 (3d Cir. 2009), and must "apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name," *Holley v. Dep't of Veteran Affairs*, 165 F.3d 244, 248 (3d Cir. 1999). Notwithstanding this more liberal standard, "pro se litigants still must allege sufficient facts in their complaints to support a claim" and "must abide by the same rules that apply to all other litigants." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citations omitted).

### IV. <u>Analysis</u>

Plaintiff's complaint suggests that he is asserting a claim under 42 U.S.C. §1983 to obtain redress for the alleged violation of his federal due process rights. To state a viable §1983 claim, a plaintiff must plausibly allege that the defendant, while acting under color of state law, violated one or more of the plaintiff's federal constitutional or statutory rights. *See West v. Atkins*, 487 U.S. 42, 48 (1988). To be liable, the defendant must have been personally involved in the alleged wrongdoing. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). To hold an official in a supervisory position liable under §1983, the plaintiff must allege that the official "participated in violating plaintiff's rights, directed others to violate them, or, as the persons in charge, had knowledge of and acquiesced in their subordinates' violations." *Parkell v. Danberg*, 833 F.3d 313, 330 (3d Cir. 2016) (internal quotation marks and citation omitted). In addition,

policymaking officials may be liable "if it is shown that such defendants, with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm." *A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (internal quotation marks and citation omitted; alteration in the original).

In this case, the complaint adequately alleges action under color of state law[3]; however, the complaint, as currently crafted, fails to state a plausible violation of Plaintiff's federal due process rights. To establish a procedural due process violation, a claimant must demonstrate (1) the deprivation of "an individual interest that is encompassed within the Fourteenth Amendment's protection of 'life, liberty, or property,'" and must also show that (2) "the procedures available to him did not provide 'due process of law.'" *Hill v. Borough of Kutztown,* 455 F.3d 225, 233-34 (3d Cir. 2006). Although Plaintiff has adequately alleged the deprivation of a property interest, he has not asserted any facts to show that the procedures available to address this deprivation were constitutionally deficient.

"The core of due process is the right to notice and a meaningful opportunity to be heard." *LaChance v. Erickson*, 522 U.S. 262, 266 (1998). "While due process usually requires some type

---

[3] It is clear that the Mayor and the "Erie Police Traffic Division Captain" are state actors for purposes of §1983 liability. In addition, the Court assumes that a private attorney serving as City Solicitor can be held liable under §1983. *See Dev. Grp., LLC. v. Franklin Twp. Bd. of Supervisors*, No. CIV.A. 03-2936, 2004 WL 2812049, at *21 (E.D. Pa. Dec. 7, 2004), *aff'd*, 162 F. App'x 158 (3d Cir. 2006) (individual who held himself out as Township Solicitor and acted jointly with state actors in the challenged conduct could potentially be liable under §1983). Similarly, the Court assumes that the "Owners of McMillen Towing" are plausible state actors, because the facts would support an inference that the City "so far insinuated itself into a position of interdependence with [the towing company]" in the impoundment of Plaintiff's vehicle "that [the latter] must be recognized as a joint participant in the challenged activity." *Kach v. Hose,* 589 F.3d 626, 646 (3d Cir. 2009) (discussing various tests for determining whether a private party can be considered to be a state actor).

of pre-deprivation hearing, a post-deprivation hearing may also satisfy the requirement." *McKenna v. Portman*, 538 F. App'x 221, 224 (3d Cir. 2013). "A due process violation 'is not complete when the deprivation occurs; it is not complete unless and until the State fails to provide due process.'" *Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000) (quoting *Zinernon v. Burch*, 494 U.S. 113, 126 (1990)). "If there is a process on the books that appears to provide due process, the plaintiff cannot skip that process and use the federal courts as a means to get back what he wants." *Id*. "Further, absent the right to control the process, a defendant cannot be held liable, as a matter of law, for a deprivation of said right." *Sharpe v. County of Dauphin*, 4:09-CV-989, 2010 WL 3529283 (M.D. Pa. Sept. 7, 2010).

Here, the gravamen of Plaintiff's complaint appears to concern the towing itself. Plaintiff seems to be suggesting that the police officer had no justification for towing his vehicle in the first place because he did not receive enough advance notice of the scheduled street paving or sufficient time to move his car. But these types of arguments, which challenge the validity of the underlying deprivation, are not for this Court to resolve. "[T]he focus in procedural due process claims is on the adequacy of the remedial procedure, and not on the government's actual actions that allegedly deprived the individual of his liberty or property interest." *K.S.S. v. Montgomery Cnty. Bd. of Comm'rs.*, 871 F. Supp. 2d 389, 397-98 (E.D. Pa. 2012). That is especially true here, since "'[j]udges are not in a position to second-guess a police officer's decision to tow a vehicle which, in the officer's opinion, may create a traffic hazard.'" *Sheller v. City of Phila.*, No. 11-CV-2371, 2012 WL 4754820, at *7 (E.D. Pa. Oct. 5, 2012) (quoting *United States v. Abbott*, 584 F. Supp. 442, 448 (W.D. Pa. 1984)).

Turning to the issue of what "process" Plaintiff was afforded, it is clear that he received at least some form of "pre-deprivation" notice that his car would be towed. His own allegations

establish that he was aware no later than 10:00 a.m. on the day in question (May 20, 2019) that he was required to relocate his car, since the city street along which it was parked was going to be repaved. ECF No. 1-1. Plaintiff states that he made unsuccessful efforts thereafter to get his car moved. *Id*. The documents appended to his complaint show that the vehicle was ultimately towed at 1:30 p.m. that same day, ECF No. 1-2, and Plaintiff acknowledges being present at the time of the towing. ECF No. 1-1. Plaintiff also received a "Towed Vehicle Receipt" from the Bureau of Police. ECF No. 1-2. Since Plaintiff clearly had notice that his car was being impounded, the question becomes whether he was afforded a meaningful opportunity to be heard regarding that deprivation.

On this point Plaintiff alleges only that he served "legal jurisprudence" on the "Clerk's office" and the city solicitor, but was ignored for 29 days. Plaintiff offers no averments concerning the procedural avenues that were afforded him to address the seizure of his vehicle, [4] nor does he state whether he availed himself of those measures and, if so, why those measures were inadequate. *See Giuliani v. Springfield Twp*., 238 F. Supp. 3d 670, 690 (E.D. Pa. 2017) ("Remedial procedures will be deemed constitutionally inadequate if they contain a defect so serious [as to] characterize the procedures as fundamentally unfair.") (internal quotation marks and citation omitted), *aff'd* 726 F. App'x 118 (3d Cir. 2018). As noted, "[i]f there is a process on the books that appears to provide due process, the plaintiff cannot skip that process and use the federal courts as a means to get back what he wants." *Alvin,* 227 F.3d at 116. Here, the factual underpinnings of Plaintiff's claim are not clear from his averments.

---

[4] As Defendants observe in their motion to dismiss, Article 527 of the City of Erie Traffic Code provides a process for post-deprivation hearings relative to vehicles that are impounded within the City of Erie. *See* ECF No. 9-1, City of Erie Traffic Code, Title V, §§527.01, et seq, also available at https://ecode360.com/33835868.

7

To the extent Plaintiff is complaining that he was denied a pre-deprivation hearing, he fails to allege a plausible due process violation. The concept of due process is "flexible" and depends upon the circumstances of the case. *See Kahn v. United States,* 753 F2d 1208, 1218 (3d Cir. 1985); *see also Zizi v. Bausman*, 306 F. Supp. 3d 697, 708 (E.D. Pa. 2018), *aff'd sub nom. Zizi v. Field Office Dir.*, 753 F. App'x 116 (3d Cir. 2019) ("Much like property rights, due process rights are a bundle of sticks that rise and fall according to the factual circumstances of the case and the nature of the interests involved."). To determine the level of process due in a given situation, courts take into account: (1) the private interest affected by the government's action; (2) the risk of erroneous deprivation under lesser procedures and the value added by additional procedure; and (3) the Government's interests, including fiscal and administrative burdens for additional procedure. *See Mathews v. Eldridge,* 424 U.S. 319, 334-35 (1976). Based upon the facts presented in Plaintiff's complaint, Plaintiff cannot plausibly claim that he was constitutionally entitled to a pre-deprivation hearing.

First, in considering the private interests affected by the government's actions, the Court acknowledges that an individual's loss of the continued use of a vehicle can be significant, particularly where the "person's ability to make a living and his access to both the necessities and amenities of life may depend upon the availability of an automobile[.]" *Goichman v. Rheuban Motors, Inc.,* 682 F.2d 1320, 1324 (9th Cir. 1982) (internal quotation marks and citation omitted). Here, however, the Plaintiff's automobile was admittedly inoperable, so Plaintiff clearly was not dependent upon the vehicle as a means of transportation. Instead, Plaintiff was functionally deprived of the monetary value of his property. The Supreme Court has held that post-deprivation remedies can be constitutionally adequate where the deprivation at issue concerns a monetary loss. *See City of Los Angeles v. David,* 538 U.S. 715, 771-19 (2003)

8

(holding that 27-day delay in holding a hearing regarding the recovery of money that plaintiff paid to recover an impounded vehicle did not violate due process; plaintiff's temporary loss of the use of the money did not involve a harm as serious as the deprivation of a job or even the temporary deprivation of the vehicle itself).

The second *Mathews* factor concerns the risk of erroneous deprivation under lesser procedures and the value added by additional procedure. In this case, the facts that allegedly led to the impoundment of Plaintiff's vehicle are fairly straightforward: Plaintiff was advised that his car was parked on a street that was scheduled for repaving. The vehicle reportedly had body damage and flat tires and Plaintiff was admittedly incapable of moving it on his own. Given the relatively uncomplicated facts that led to the officer's towing decision, it is unlikely that the requirement of a pre-deprivation hearing would significantly improve the fact-finding process. *See David,* 538 U.S. at 718 (concluding that "the straightforward nature of the issue -- whether the [plaintiff's] car was illegally parked -- indicates that initial towing errors, while they may occur, are unlikely")

The third *Mathews* factor requires the Court to consider the Government's interests, including fiscal and administrative burdens for additional procedure. As noted, Plaintiff's vehicle was towed because of the City's need to clear the roadway in anticipation of an imminent street paving operation. Requiring a pre-deprivation "hearing" in these types of circumstances would clearly be impractical and would unnecessarily burden the City's efforts to efficiently conduct its road maintenance operations. Such a requirement would also unduly burden the City's enforcement of its parking regulations. For all of these reasons, the Court concludes that Plaintiff cannot plausibly claim that his procedural due process rights were violated simply because of the lack of a pre-deprivation hearing.

Plaintiff's complaint also fails to state a plausible violation of his substantive due process rights. "'[E]xecutive action violates substantive due process only when it shocks the conscience.'" *Sutton v. Chanceford Twp.*, 763 F. App'x 186, 192 (3d Cir. 2019) (quoting *United Artists Theatre Circuit, Inc. v. Twp. of Warrington*, 316 F.3d 392, 399–400 (3d Cir. 2003)). "Thus, 'only the most egregious official conduct' violates substantive due process." *Id*. (quoting *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998)). The United States Supreme Court has explained that conduct that is "most likely to rise to the conscience-shocking level is 'conduct intended to injure in some way unjustifiable by any government interest.'" *Chavez v. Martinez*, 538 U.S. 760, 775 (2003) (quoting *Lewis,* 523 U.S. at 849). Here, Plaintiff's allegations fail to establish conscience-shocking behavior on the part of any actor, much less on the part of any named Defendant. The removal of Plaintiff's disabled vehicle because of a scheduled road paving does not constitute sufficiently arbitrary or egregious misconduct, even if Plaintiff believes he did not receive sufficient notice of the paving ahead of time. Because this claim is incapable of being saved through further amendment, it will be dismissed with prejudice. *See Grayson v. Mayview State Hosp.,* 293 F.3d 103, 110-11 (3d Cir. 2002).

To the extent Plaintiff is alleging that the removal of his car constituted criminal theft,[5] this assertion similarly fails to state a cognizable civil claim. It is well established that there is

---

[5] Plaintiff's motion for injunctive relief accuses Mullen Towing of "Grand Theft Auto, . . . in accordance to [sic] Pennsylvania Constitution Crime Code Statute," a Felony of the Second Degree. It may be that Plaintiff is attempting to plead a due process claim under the Pennsylvania Constitution; however, it seems more likely that Plaintiff is invoking the Pennsylvania Crimes Code.

In any event, Pennsylvania courts have recognized that "[t]he due process requirements of the Pennsylvania Constitution are indistinguishable from the Fourteenth Amendment and, therefore, the same analysis applies to both provisions." *Turk v. Com., Dep't of Transp.*, 983 A.2d 805, 818 (Pa. Cmwlth. Ct. 2009) (citing *Pa. Game Comm'n v. Marich*, 666 A.2d 253 (Pa. 1995)); *see also Anderson v. City of Phila.*, 845 F. 2d 1216, 1219 n.2 (3d Cir. 1988) (noting that due process

"no federal right to require the government to initiate criminal proceedings." *Rodriguez v. Salus*, 623 F. App'x 588, 589 n.1 (3d Cir. 2015) (citing authority). Such a claim, if it is being asserted, is incapable of being successfully repleaded and must therefore be dismissed with prejudice.

Plaintiff's putative §1983 claim is also deficient for the reason that Plaintiff has not shown that the named Defendants were personally involved in the alleged wrongdoing. To the extent that Plaintiff can re-plead his complaint to state a plausible violation of his procedural due process rights, he must direct such claim against the relevant state actors. To reiterate, "absent the right to control the process, a defendant cannot be held liable, as a matter of law, for a deprivation of said right." *Sharpe v. Cty. of Dauphin*, 4:09-CV-989, 2010 WL 3529283 (M.D. Pa. Sept. 7, 2010).

Finally, based upon Plaintiff's assertion of "mental distress," the Court will assume that Plaintiff might be attempting to bring a claim under Pennsylvania law for the intentional infliction of emotional distress. "To state a plausible claim for intentional infliction of emotional distress, a plaintiff must allege sufficient facts demonstrating that (1) the defendant's conduct was extreme and outrageous; (2) the defendant's conduct caused the plaintiff severe emotional distress; and that (3) the defendant acted intending to cause that person such distress or with knowledge that such distress was substantially certain to occur." *Ghrist v. CBS Broad., Inc*., 40 F. Supp. 3d 623, 630 (W.D. Pa. 2014) (citing *Brown v. Muhlenberg Twp*., 269 F.3d 205, 217 (3d

---

claims under the state constitution "may be considered equivalent to the federal constitutional claims in this case, since the relevant section of the Pennsylvania Constitution, Art. I § 1, has been interpreted by the Pennsylvania Supreme Court as providing the same guarantees as the fourteenth amendment of the United States Constitution.") (citing *Best v. Zoning Bd. of Adjustment of City of Pittsburgh*, 141 A.2d 606, 609 (Pa. 1958)). Accordingly, to the extent Plaintiff is alleging a violation of his state due process rights, that claim is deficient for the same reasons discussed in relation to Plaintiff's federal due process claim.

Cir. 2001)); *see Hoy v. Angelone*, 691, A.2d 476, 482 (Pa. Super. Ct. 1997). "Outrageous or extreme conduct has been defined by the appellate courts of this Commonwealth as conduct that is so outrageous in character, so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in civilized society." *Swisher v. Pitz*, 868 A.2d 1228, 1230 (Pa. Super. Ct. 2005) (internal quotation marks omitted). Here, Plaintiff has failed to allege conduct that could plausibly give rise to liability under the foregoing standards. *See Cheney v. Daily News L.P.,* No. 15-2251, 2016 WL 3902639, at *4 (3d Cir. July 19, 2016) (discussing the types of situations where sufficiently extreme and outrageous conduct has been found to exist). Consequently, no claim for intentional infliction of emotional distress has been stated, and further amendment of such a claim would be futile.

### V.     Conclusion

Based upon the foregoing discussion, Plaintiff's motion for leave to proceed *in forma pauperis* will be granted, and the Clerk will be directed to file Plaintiff's complaint. However, Plaintiff has failed to state a plausible violation of his federal due process rights or any other right guaranteed under federal law; thus, his claims under 42 U.S.C.§1983 will be dismissed.[6] With respect to Plaintiff's procedural due process claim, the dismissal will be without prejudice to Plaintiff's right to replead that claim in a manner consistent with this Memorandum Opinion. To the extent Plaintiff is asserting §1983 claims predicated on the alleged violation of his substantive due process rights or the desire to have criminal proceedings initiated, such claims must be dismissed with prejudice. Similarly, any claim predicated on a theory of intentional

---

[6] Given this result, the Court need not presently address Defendants' defense of qualified immunity.

infliction of emotional distress must be dismissed with prejudice.  Finally, Plaintiff's motion for a temporary restraining order must be denied, inasmuch as he has not demonstrated a likelihood of success on the merits of his federal claim.  *See Randolph v. Wetzel,* No. 19-CV-2231, 2019 WL 2577635, at *10 (E.D. Pa. June 21, 2019) (explaining the requirements for obtaining the "extraordinary remedy" of a temporary restraining order or preliminary injunction) (citing authority).

An appropriate order follows.

*/s/ Susan Paradise Baxter*
SUSAN PARADISE BAXTER
United States District Judge

cc:   Amos Tate
      111 East 11TH
      Apt. 719,
      Erie, PA 16501
      (via U.S. mail, first class)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMOS TATE, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 19-179 Erie |
| v. | ) | |
| | ) | |
| MAYOR SCHEMBER, *et al.*, | ) | District Judge Susan Paradise Baxter |
| | ) | |
| Defendants. | ) | |

## ORDER

AND NOW, this 16th day of August, 2019, for the reasons set forth in the accompanying Memorandum Opinion,

IT IS ORDERED that Plaintiff's motion for leave to proceed in forma pauperis, ECF No.[1] is GRANTED, and the clerk is directed to file the complaint.

IT IS FURTHER ORDERED, pursuant to the provisions of 28 U.S.C. §1915(e)(2)(ii), that Plaintiff's claims are dismissed as follows:

1. To the extent Plaintiff is asserting a §1983 claim predicated on the alleged violation of his substantive due process rights and/or a request to have criminal proceedings initiated, such claims are DISMISSED with prejudice.

2. Similarly, to the extent Plaintiff is seeking to assert a claim under Pennsylvania law for the intentional infliction of emotional distress, said claim is DISMISSED with prejudice.

3. Plaintiff's procedural due process claim under §1983 is DISMISSED without prejudice to be reasserted in a manner consistent with the accompanying Memorandum Opinion.

Should Plaintiff wish to amend and replead his procedural due process claim, he must do so on or before September 13, 2019**.** He must also submit completed USM-285 forms for each

Defendant identified in the amended complaint. These forms can be obtained from the Clerk of Court. In the event Plaintiff fails to replead his procedural due process claim on or before September 13, 2019, the Court will enter an order converting the dismissal of said claim to a dismissal *with* prejudice, without further notice, and the case will be closed.

IT IS FURTHER ORDERED, upon consideration of the motion to dismiss filed on behalf of Defendants "Mayor Schember," "Erie Police Traffic Division Captain," and "Erie PA Solicitor Betza," that said motion is GRANTED to the extent that the Defendants seek dismissal of Plaintiff's claims consistent with the terms of this Order. The motion is otherwise DENIED.

In light of the foregoing, IT IS FURTHER ORDERED that Plaintiff's motion for injunctive relief is DENIED without prejudice to be reasserted, inasmuch as he has not demonstrated a likelihood of success on the merits of any federal claim. *See Randolph v. Wetzel,* No. 19-CV-2231, 2019 WL 2577635, at *10 (E.D. Pa. June 21, 2019) (explaining the requirements for obtaining the "extraordinary remedy" of a temporary restraining order or preliminary injunction) (citing authority).

> */s/ Susan Paradise Baxter*
> SUSAN PARADISE BAXTER
> United States District Judge

cc:  Amos Tate
 111 East 11TH
 Apt. 719,
 Erie, PA 16501
 (via U.S. mail, first class)

 Counsel of record
 (via CM/ECF)