# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMOS TATE, | ) | |
| Plaintiff, | ) | C.A. No. 19-179 Erie |
| v. | ) | |
| MAYOR SCHEMBER, *et al.*, | ) | District Judge Susan Paradise Baxter |
| Defendants. | ) | |

## MEMORANDUM ORDER

Plaintiff Amos Tate commenced this *pro se* proceeding on June 21, 2019, with the filing of his application to proceed *in forma pauperis.* ECF No. [1]. On that same date, he lodged a civil complaint against the Mayor of the City of Erie, the "Erie Police Traffic Division Captain," "Erie PA Solicitor Betza," and the "Owners of McMillan Towing." ECF No. [1-1]. Plaintiff alleged, among other things, that his procedural due process rights were violated when his inoperative vehicle was towed from a city street that was scheduled for paving.

By Memorandum Opinion and Order dated August 16, 2019, ECF No. [14], the Court dismissed Plaintiff's complaint for failure to state a claim upon which relief can be granted. The Court gave Plaintiff leave to replead his procedural due process claim on or before September 13, 2019. The Court added that, if Plaintiff chose to reassert that claim, he would need to submit completed USM-285 forms for each Defendant identified in his amended complaint. The Court further advised Plaintiff that, if he failed to replead his procedural due process claim on or before September 13, 2019, the undersigned would enter an order converting the dismissal of that claim to a dismissal with prejudice, without further notice, and the case would be closed.

1

Whether by happenstance or intentionally, Plaintiff refiled his pleading that same day. The pleading was not an amended complaint, however; instead, Plaintiff merely refiled his original complaint. ECF No. [16]. Then, on August 28, 2019, Plaintiff filed a notice of appeal from the Court's August 16, 2019 ruling. ECF No. [17].

The U.S. Court of Appeals for the Third Circuit subsequently dismissed, for lack of jurisdiction, Plaintiff's appeal of the August 16, 2019 order dismissing his original complaint.[1] ECF No. [22]. The Court of Appeals observed that the undersigned's order of dismissal was not a final, appealable order, because Plaintiff had been granted leave to file an amended complaint.

As matters presently stand, Plaintiff has not filed an amended pleading within the timeframe previously allowed by this Court. At most, Plaintiff simply refiled his original complaint -- which, of course, does not constitute any sort of amendment to his original claims. Nevertheless, out of an abundance of caution, and because Plaintiff is proceeding *pro se,* the Court will afford him one last opportunity to amend his pleadings.

Accordingly, IT IS ORDERED, this 8th day of May, 2020, pursuant to the provisions of 28 U.S.C. §1915(e)(2)(ii), that Plaintiff's complaint, filed at ECF No. [16], shall be dismissed for the reasons previously explained in the Court's Memorandum Opinion filed on August 16, 2019, ECF No. [14]. To the extent Plaintiff wishes to pursue a procedural due process claim under 42 U.S.C. §1983, he must reassert said claim in an amended pleading, consistent with the principles discussed in the Court's August 16, 2019 Memorandum Opinion. Further, Plaintiff shall file his amended pleading on or before May 29, 2020. Plaintiff must also submit, by that same date,

---

[1] Insofar as Plaintiff had appealed the undersigned's denial of preliminary injunctive relief, the Court of Appeals affirmed that aspect of the undersigned's August 16, 2019 ruling. ECF No. [22].

completed USM-285 forms for each Defendant identified in the amended complaint. These forms can be obtained from the Clerk of Court.

In the event Plaintiff fails to replead his procedural due process claim on or before May 29, 2020, the Court will enter an order converting the dismissal of said claim to a dismissal *with* prejudice, without further notice, and the case will be closed.

 

SUSAN PARADISE BAXTER
United States District Judge

cc: Amos Tate
 111 East 11TH
 Apt. 719,
 Erie, PA 16501
 (via U.S. mail, first class)

 Counsel of record
 (via CM/ECF)